# UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| In re:<br><br>JONATHAN LOY,<br><br>    *Debtor.* | Case No. 07-51040-FJS |
| JEREMIAH A. O'SULLIVAN,<br><br>    *Plaintiff,*<br><br>v.<br><br>JONATHAN LOY, et al,<br><br>    *Defendants.* | APN 08-05011-FJS<br>APN 08-05002-FJS<br><br><br>Chapter 15 |

## MEMORANDUM OPINION

These matters come before the Court upon trial of the above-mentioned Adversary Proceedings. The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§157(b) and 1334(b). Venue is proper pursuant to 28 U.S.C.§1410. Upon consideration of the pleadings, the evidence presented at trial, and arguments of the parties, the Court makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

The material facts of this matter, though complicated, are not in dispute. The parties have stipulated to all relevant facts.

On August 9, 2002, Jonathan Loy ("Mr. Loy" or the "Debtor"), a citizen of the United

NOTICE OF JUDGMENT OR ORDER
AUG - 3 2009

-2-

Kingdom lawfully residing in the United States, purchased a 3.78 acre parcel of undeveloped real

property located at 200 Creekview Lane, Hampton, Virginia (the "Creekview Property"). A deed

of conveyance (the "Creekview Deed") was recorded in the Clerk's Office of the Circuit Court of

the City of Hampton, Virginia on August 9, 2002.

Incident to the acquisition of the Creekview Property, Mr. Loy executed a promissory

note in the original principal amount of One Hundred and Fifty Thousand Dollars ($150,000.00)

payable to Harbor Bank. Towne Bank is the successor in interest to Harbor Bank. The note will

be referred to as the "Towne Bank Note." The Towne Bank Note was secured by a purchase

money deed of trust properly recorded in the Clerk's Office of the Circuit Court of the City of

Hampton, Virginia on August 9, 2002.

Before coming to America, Mr. Loy resided and operated a business in Exeter, England.

In May of 2000, Mr. Loy and his brother owned and operated Cider House Furniture, a company

that designed and sold wood furniture. Unfortunately, Cider House Furniture failed in early July

2003. For numerous reasons, including the failure of Cider House Furniture, Mr. Loy,

individually, made a Proposal for a Voluntary Arrangement with Creditors pursuant to Part VIII

of the Insolvency Act of 1986 (the "IVA") in the Exeter County Court (the "English Court"),

Devon, England, United Kingdom.

The 1986 Insolvency Act requires that a meeting of creditors convene to consider the

debtor's proposal. On July 31, 2003, a meeting of creditors was convened at which Mr. Loy's

IVA was approved subject to modifications, all of which was confirmed by a document entitled

"Chairman's Report July 31, 2003." Mr. Christopher Mackenzie-Thorpe was appointed as

"Supervisor" of the IVA. In October 2004, Jeremiah A. O'Sullivan ("Mr. O'Sullivan" or the

-3-

"English Trustee") replaced Mr. Mackenzie-Thorpe as the Supervisor of the IVA.

In March 2005, Mr. Loy informed the English Trustee that he would be unable to meet the terms of the IVA because of the accumulation of additional debt and the inability to sell his interest in certain property located in France. In March 2006, the English Trustee filed a Default Petition with the English Court requesting that Mr. Loy be declared a bankrupt (the "Default Petition"). On August 17, 2006, the English Court ordered that Mr. Loy be adjudged a bankrupt and the English Trustee be appointed trustee to oversee the proceedings (the "English Bankruptcy Court Order").

Following entry of the English Bankruptcy Court Order, the English Trustee and Mr. Loy along with his non-bankrupt spouse, Susan J. Loy ("Mrs. Loy"), engaged in various negotiations with respect to the disposition of the Creekview Property. The negotiations were unsuccessful.

From July 19, 2002 through October 24, 2007, record title to the Creekview Property as reflected in the real estate records maintained by the Clerk of the Circuit Court of the City of Hampton, Virginia showed that the sole owner of that property was Mr. Loy.

On February 1, 2007, the English Trustee, by counsel, filed a *Lis Pendens*, in the Clerk's Office of the Hampton Circuit Court asserting rights in the Creekview Property (the *Lis Pendens*). Notwithstanding the *Lis Pendens* and notwithstanding that Mr. Loy was subject to a bankruptcy proceeding pending in the English Court, Mr. Loy executed and recorded a Deed of Gift of the Creekview Property to his wife, Mrs. Loy, and himself as tenants by the entirety with the right of survivorship as at common law (the "2007 Deed of Gift"). The 2007 Deed of Gift was recorded October 24, 2007.  Mrs. Loy was fully aware of the English bankruptcy proceedings, the English Bankruptcy Court Order and the *Lis Pendens* prior to the execution and

-4-

recordation of the 2007 Deed of Gift.

On October 28, 2007, the English Trustee filed with this Court a Petition for Recognition

of the English Bankruptcy Proceeding as a "Foreign Main Proceeding"(the "Recognition

Petition"). The Court entered several orders with respect to the Recognition Petition, including

orders entered on November 2, 2007 and December 18, 2007.

On October 29, 2007, Mr. Loy executed and recorded a Deed of Trust encumbering the

Creekview Property for the benefit of Joseph L.R. Pinard ("Mr. Pinard") through Leo J. Perk, as

trustee (the "2007 Deed of Trust"). Mr. Pinard was aware of the *Lis Pendens* and had viewed a

copy of the *Lis Pendens* and the English Bankruptcy Court Order, which was attached to the *Lis*

*Pendens,* prior to the recording of the 2007 Deed of Trust. The parties stipulated that Mr. Pinard

advanced funds simultaneously with or after the recordation of the 2007 Deed of Trust. Neither

the English Trustee nor the English Court authorized the 2007 Deed of Trust.

On December 18, 2007, this Court entered an order recognizing the English proceeding as

a Foreign Main Proceeding. *See In re Loy,* 380 B.R. 154 (Bankr. E.D. Va. 2007). Recognition

was effective October 28, 2007. *Id.* In connection with the Petition for Recognition of the

Foreign Main Proceeding, the English Trustee requested that Mr. Loy be "enjoined from bringing

any litigation against the Trustee or the Trustee's professionals in any way relating to his assets

without further order from this Court." The Court declined to award such relief. *Id.*

On or about January 10, 2008, Mr. and Mrs. Loy filed a Complaint against the English

Trustee in the Circuit Court of Hampton, Virginia. The complaint was styled "Jonathan and

Susan J. Loy v. Jeremiah Anthony O'Sullivan" (the "*Lis Pendens* Litigation") and was assigned

case number CL08-000042 by the Clerk of the Hampton Circuit Court. On February 8, 2008, the

English Trustee filed a Notice of Removal pursuant to 28 U.S.C. §1452. Upon Notice of

Removal, the Clerk of this Court assigned the matter Adversary Proceeding Number 08-5002.

The English Trustee subsequently filed an adversary proceeding against Mr. Loy , Mrs. Loy and

others, as described below (the "English Trustee's Adversary Proceeding").

On July 2, 2008, the Clerk issued a Summons and Notice of Pre-Trial Conference for the

*Lis Pendens* Litigation (APN 08-5002) and the English Trustee's Adversary Proceeding (APN

08-5011). The Pre-Trial Conference for both proceedings was scheduled for August 26, 2008.

On July 23, 2008, Mr. and Mrs. Loy filed a Motion to Remand and to Permit Amendment

to Include a Count of Abuse of Process and requested punitive damages (the "Motion for

Remand") in APN 08-5002. The Motion for Remand was scheduled for hearing on August 26,

2008.

On August 26, 2008, the Court denied the Motion for Remand. Mr. and Mrs. Loy had not

filed the Motion within the thirty (30) days provided by the statute. *See* 28 U.S.C. §1447(c).

After denying the Motion for Remand, the court consolidated Adversary Proceeding 08-5011 and

Adversary Proceeding 08-5002. Both Adversary Proceedings were tried together on January 7

and 8, 2009. The Court afforded the parties the opportunity to submit post-trial briefs and

scheduled the matter for oral argument on March 5, 2009.

A summary description of the relief requested in each Adversary Proceeding follows:

**A. Adversary Proceeding No. 08-5011**

In Adversary Proceeding 08-5011 the English Trustee seeks the following relief:

    (1)    Avoidance of the October 24, 2007 Deed of Gift pursuant to 11 U.S.C. 549(a); and

-6-

(2)      Avoidance of the October 29, 2007 Deed of Trust pursuant to 11 U.S.C.
549(a).[1]

The English Trustee argues that the term "commencement of the case" as used in section

549 means commencement of the Foreign Main Proceeding (August 17, 2006), recognized by the

Court on December 18, 2007. The Loys disagree for a variety of reasons.

## B. Adversary Proceeding No. 08-5002

In Adversary Proceeding Number 08-5002, the Loys want the Court to enter an order

remanding the *Lis Pendens* Litigation to the Hampton Circuit Court, or to abstain from further

proceedings.[2] The English Trustee opposes this and argues that the matter is ripe for

determination.

## II. ANALYSIS AND CONCLUSIONS OF LAW

## A.  Adversary Proceeding No. 08-5011

The success of the English Trustee's case depends on the definition of the term

"commencement of the case." The English Trustee argues that "commencement of the case"

means the commencement of the Foreign Main Proceeding. Mr. Loy argues that "commencement

of the case" means no earlier than the entry of the Court's December 18, 2007 Order.[3]

In support of his theory, the English Trustee argues that recognition by this Court relates

back to the commencement of the Foreign Main Proceeding because no new or independent

"case" under Title 11 was initiated by this Court's recognition of the Foreign Main Proceeding.

---

[1] The English Trustee requested additional relief in the Complaint, but withdrew these requests prior to trial.

[2] The precise relief requested by Mr. and Mrs. Loy is not entirely clear.

[3] The December 18, 2007 Order recognizes the Foreign Main Proceeding effective October 28, 2007.

He argues that Chapter 15 recognition is merely an ancillary proceeding to recognize the foreign

bankruptcy in the United States. According to the Mr. O'Sullivan the only "case" that has ever

commenced regarding Mr. Loy is the Foreign Main Proceeding because no case was commenced

upon recognition under Chapter 15. Therefore, the petition date for purposes of avoiding

unauthorized post petition transfers of assets under 11 U.S.C. §549 would be August 17, 2006.

This interpretation results in the avoidance of the 2007 Deed of Trust and 2007 Deed of Gift.

The Court finds the English Trustee's argument untenable. There are numerous reasons

for this conclusion.

First, there is no reported decision supporting the English Trustee's "relation-back"

interpretation of the meaning of the term "commencement of the case." While this Court

recognizes the limited number of decided Chapter 15 cases, there is nothing in the case law to

support this interpretation.

Second, the interpretation is not supported in the statute. Chapter 15 <u>never</u> makes

reference to the Foreign Main Proceeding as the "case." Throughout Chapter 15, the terminology

used is "foreign main proceeding" or "foreign non-main proceeding." Specifically, a key phrase

used throughout Chapter 15 of Title 11 is "upon recognition"[4] with regard to how a foreign

bankruptcy comes into effect in the United States bankruptcy system. Use of this preface in

Chapter 15 sets forth the date from which all of the rights, privileges, protections and obligations

set out in the Bankruptcy Code take effect. The Court finds this to be a prospective recognition

that occurs from the date that an American bankruptcy court recognizes a foreign main

proceeding. Once a foreign main proceeding is recognized, the protections of sections 362, 363

---

[4]*See* 11 U.S.C. §1520(a)

-8-

and 549, for example, are then applicable to a transfer of an interest in the debtor's property.[5]

Third, the commercial uncertainty engendered by the English Trustee's interpretation would expose even the simplest transaction to avoidance, leaving the good faith purchaser without notice to the limited protections contained in 11 U.S.C. §549(c).[6] This is an unacceptable result and anathema to the orderly resolution of debtor-creditor relations envisioned in the bankruptcy process.

Finally, the English Trustee's interpretation would have the potential to unfairly reward a foreign trustee for a lack of reasonable diligence and reward unnecessary delay in the bankruptcy process resulting in a lack of finality and predictability.[7]

i.      **Avoidance of the Deed of Gift.**

The Deed of Gift was executed, delivered and recorded prior to the commencement of the case. It is not avoidable under 11 U.S.C.§ 549. Accordingly, the English Trustee's request for relief in this aspect of his Complaint is denied.

ii.      **Avoidance of the 2007 Deed of Trust.**

The 2007 Deed of Trust was executed and recorded on October 29, 2007, one day after the Recognition Date. If title to the Creekview Property were in the Debtor's sole name, the 2007 Deed of Trust would be avoidable. What is the effect of the Deed of Gift on the analysis?

On the Recognition Date, the Creekview Property was held by Mr. and Mrs. Loy as

_____

[5] *Id.*

[6] The good faith purchaser has the burden of proof under §549(c). *See In re Phinney,* 405 B.R.170, (E.D. Va. 2009).

[7] The Trustee has not presented an Order from the English Court prohibiting the Debtor from transferring his property. If he had, the Court might consider the issue of comity in making its ruling.

tenants by the entirety with the right of survivorship as at common law. In Virginia property held

by husband and wife as tenants by the entirety is exempt from creditor process of either's

individual creditor. *See Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 Va. (1951). The Fourth

Circuit has held the same on numerous occasions. *See Phillips v. Krakower,* 46 F.2d 764 (4th Cir.

1931); *Sumy v. Schlossberg,* 777 F.2d 912 (4th Cir. 1985); *In re Cordova,* 73 F.3d 145, 150 (4th

Cir. 2002); *In re Balthrop,* 2005 WL 3691335 (Bankr. E.D. Va. 2005). All of the aforementioned

cases hold that property held as tenants by the entirety is exempt except as to joint unsecured

creditors of the individual debtor.

On the basis of the record, the Court concludes that Mr. and Mrs. Loy are lawfully

married and do not have any joint unsecured creditors. Accordingly, the Creekview Property is

exempt and not subject to administration in this case. Because the Creekview Property is not

subject to administration, the Trustee's §549 claim fails.[8] Although the transfer of the Creekview

Property occurred after the commencement of the case, on the date of the transfer it was not

property of the estate (under any definition) and the transfer may therefore not be avoided.

The holding in this case does not leave the English Trustee without a remedy. He may file

a Chapter 7 bankruptcy against Mr. Loy upon recognition of the Foreign Main Proceeding. The

filing of this case will create an "estate" - which does not occur upon recognition - and the filing

will allow an American bankruptcy trustee to use the full panoply of avoidance actions and

strong arm powers available under the Code. This mechanism will afford all parties the

opportunity for a full and fair hearing after proper notice, as well as provide the due process

---

[8] The subject transaction may be avoidable under other sections of the Bankruptcy Code. The Court does not reach these issues in this Order.

-10-

safeguards that are of paramount importance in the bankruptcy process. *See Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002) cited in *Dynamic Changes Hypn. Ctr., Inc. v. PCH Holding, LLC,* 306 B.R. 800 (E.D. Va. 2004) for a discussion of due process considerations.[9]

**B.        Adversary Proceeding No. 08-5002**

In this adversary  proceeding Mr. and Mrs. Loy assert a slander of title claim against the Trustee. The Loys assert that the Trustee's filing of the *Lis Pendens* against the Creekview Property caused them damage recoverable under the relevant statutes in Virginia. The threshold question is whether the Court has jurisdiction over the *Lis Pendens* Litigation.

It is axiomatic that bankruptcy courts are courts of limited jurisdiction. Recently, Judge St. John analyzed, in detail, various aspects of bankruptcy court jurisdiction. Those aspects are "arising under" jurisdiction, "arising in" jurisdiction and "related to" jurisdiction. *See In re Baseline Sports, Inc.,* 393 B.R. 105 (Bankr. E.D. Va. 2008) and the cases cited therein for a detailed and comprehensive review of the law on this point. The following is an application of those concepts to the specific facts of this case.

Bankruptcy courts may exercise "arising under" jurisdiction where the Bankruptcy Code itself creates the plaintiff's cause of action, or where the plaintiff's right to relief necessarily depends on resolution of substantial questions of federal bankruptcy law.[10] In this case, the

---

[9] The due process clause of the Fifth Amendment entitles parties whose property interests are at stake in a judicial proceeding to "notice and an opportunity to be heard." *Dusenbury* cited in *Dynamic Changes Hypn.* At 810. "Creditor had not been denied due process under Fifth Amendment through court's entry of a procedurally defective order, and consequently, judgment was not void, since creditor had adequate notice of hearing and was given a fair opportunity to be heard there, court made valid and final verbal order from the bench, and creditor had actual knowledge of court's bench ruling in time to comply." *Id.*

[10] *See* 28 U.S.C. 1334(c)(2)

Bankruptcy Code does not create the cause of action asserted by the Loys, nor does their right to relief depend on resolution of substantial questions of federal bankruptcy law. Indeed, the facts indicate the opposite is true. The resolution of the *Lis Pendens* Litigation depends solely on the application of non-bankruptcy law. Accordingly, the Court does not have "arising under" jurisdiction of this adversary proceeding.

"Arising in" jurisdiction is different than "arising under" jurisdiction. Actions leading to "arising in" jurisdiction could not exist outside of bankruptcy; they originate from events occurring during the bankruptcy proceedings. The analysis is not simply temporal in nature. Every cause of action that occurs while a bankruptcy case is pending does not result in "arising in" jurisdiction. The proper jurisdictional focus is upon the substance of the plaintiff's cause of action, not simply on the date of the accrual of the cause of action.

The substance of the cause of action asserted by the Loys has an independent existence outside of the bankruptcy case. Other than the undisputed fact that the *Lis Pendens* was filed during the pendency of the Foreign Main Proceeding and before recognition, there is no connection between the *Lis Pendens* Litigation and this bankruptcy case. The simple fact that the cause of action accrued while Mr. Loy was in a foreign bankruptcy proceeding is not sufficient to afford the Court "arising in" jurisdiction.

That leaves the question of whether the Court may exercise "related to" jurisdiction. The proper test for determining whether a proceeding is one over which the bankruptcy court may exercise "related to" jurisdiction is whether the outcome could conceivably have any effect on the estate being administered in bankruptcy. *Id* at 127-128. A proceeding is within the bankruptcy court's "related to" jurisdiction if its outcome could alter the debtor's rights,

-12-

liabilities, options or freedom of action either positively or negatively and if it in any way

impacts the handling or administration of the bankruptcy estate. *Id* at 127-128.

This Court does not have "related to" jurisdiction over the cause of action asserted by the

Loys. The action has no impact whatsoever on the bankruptcy estate, simply for the reason that

no **estate** is created upon the filing of a Chapter 15 petition.[11] In any event, the underlying cause

of action, the *Lis Pendens* Litigation, does not alter the Debtor's rights, liabilities, options or

freedom of action in any way pertaining to his bankruptcy proceeding. Accordingly, the Court

determines that it does not possess "related to" jurisdiction of the cause of action asserted by the

Loys in the *Lis Pendens* Litigation.

Bankruptcy court jurisdiction is determined by reference to "arising in", "arising under"

or "related to" jurisdiction. *See* 28 U.S.C. § 1334. Because the *Lis Pendens* Litigation possesses

none of the characteristics necessary to create any of the above-mentioned types of jurisdiction,

this Court is without jurisdiction to determine a resolution to Adversary Proceeding No. 08-

05002 and dismisses same from the docket of the Court. The Loys are at liberty to proceed with

the *Lis Pendens* Litigation as they see fit or deem appropriate.

### III. CONCLUSION

The Court **DENIES**, in its entirety, the English Trustee's claim for relief in Adversary

Proceeding No. 08-5011. The Court is without jurisdiction over the cause of action asserted in

Adversary Proceeding No. 08-5002 and therefore **DISMISSES** same from the docket of the

Court, affording the parties the opportunity to continue with that proceeding in the Circuit Court

for the City of Hampton, Virginia.

---

[11]*See* 11 U.S.C. §1520.

-13-

A separate **ORDER** will issue in each Adversary Proceeding.

Norfolk, Virginia
Date:  AUG - 3 2009

FRANK J. SANTORO
United States Bankruptcy Judge

-14-